24 F.3d 249
 73 A.F.T.R.2d 94-2118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. STANDLEY; Carla Standley, Petitioner-Appellant,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70757.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1994.
Decided May 12, 1994.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 Dairy farmers, Carla Rae Standley and James L. Standley, appeal the tax court's decision upholding the Commissioner's deficiency determination.
 
 
 2
 In this appeal, the Standleys challenge the tax court's calculation of the fair market value of their dairy cows. We conclude that the tax court did not abuse its discretion in allowing the government to use the USDA report to establish the fair market value of the Standleys' cattle. Even assuming the testifying statistician was an expert, Rule 143 does not absolutely prohibit the tax court from allowing expert testimony without a timely written report. See Tax Ct.Rule 143(f)(1) ("[u]nless otherwise permitted by the Court upon timely request"); Tax Ct.Rule 143(f)(2) ("The Court ordinarily will not grant a request ... without a written report ..."). Moreover, at trial, despite the Standleys' lack of notice that the government intended to use the report, they were able to highlight several weaknesses in the derivation of the government's figures. Now, after having ample time to review the report, the Standleys do not identify any other deficiencies. Furthermore, at all times, the Standleys carried the burden of proving the Commissioner's valuation of the cattle was erroneous. They attempted to discharge this burden by offering the testimony of James Standley but did not offer any documentation to support his testimony. Given all these considerations, we find that the tax court did not abuse its discretion in allowing the government to use the USDA report, see Hudspeth v. Commissioner, 914 F.2d 1207, 1213 (9th Cir.1990) (tax court's decisions regarding admission of evidence reviewed for abuse of discretion), and did not err in determining the fair market value of the cattle, see Waddell v. Commissioner, 841 F.2d 264, 268 (9th Cir.1988) (tax court's determination of fair market value reviewed for clear error).
 
 
 3
 With regard to all other issues, we affirm on the basis of the tax court's opinion.